UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL SMITH, )
)
Plaintiff, )
)
v. ) Case No. 2:24-mc-139
)
UNITED STATES OF AMERICA, )
)
Defendants. )

**AMENDED ENTRY ORDER**
**DENYING MOTION FOR RECONSIDERATION**
(Doc. 3)

On September 16, 2024, Plaintiff Michael Smith, a Kentucky resident representing himself, moved for reconsideration, pursuant to Fed. R. Civ. P. 59(e), of the court's Order dismissing his miscellaneous case. On August 30, 2024, the court denied his motion to vacate a void judgment seeking this court "set aside the judgment entered in the Eastern District of Kentucky, Case No. 3:08-cr-00031-JMH-REH, pursuant to [Federal] Rule [of Civil Procedure] 60(b)(4)[] and Rule 60(d)(3)[.]" (Doc. 1 at 2.) Plaintiff argued the judgment is void and was procured by fraud on the court. He now asserts this court's August 30 Order "was based on clearly erroneous findings of facts and manifest errors of clearly established federal law[.]" (Doc. 3 at 2.)

**I.   Conclusions of Law and Analysis.**

   **A.   Standard of Review.**

Under Fed. R. Civ. P. 59(e), Plaintiff must establish a "need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted). Rule 59 "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 N.5 (2008). A district court's

determination under Rule 59(e) is reviewed for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).

### B. Order Denying Plaintiff's Motion to Vacate.

This court's analysis in the August 30 Order was as follows:

> Fed. R. Civ. P. 60(d) does not give this court authority to review the decision of another court. Rule 60(b) allows for a federal district court to set aside, on various grounds, a judgment that was rendered in that court. Under Rule 60(d)(1), a party may also bring an "independent action" to seek such relief. Nothing in the rule, however, vests one court with authority to review another court's decisions. *See Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment."); *see also Caron v. TD Ameritrade*, 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) ("Rule 60(b) allows for a federal district court to set aside a judgment that was rendered in that court.").
>
> This court does not have appellate or supervisory authority over another federal district court. *See* 28 U.S.C. § 1294(1) (providing appeals to be taken "[f]rom a district court of the United States to the court of appeals for the circuit embracing the district"); *see also El Bey v. United States*, 697 F. App'x 706, 707 (D.C. [Cir.] 2017) (affirming district court's dismissal of challenge to decision of the District Court for the Southern District of New York "because a district court in one district or circuit lacks authority to review the decision of a district court in another district or circuit").
>
> Because this court "can neither review the decisions of its sister court nor compel it to act[,]" *Ortiz v. Pratter*, 2015 WL 1546252, at *1 (D.D.C. Apr. 3, 2015), Plaintiff's motion to vacate (Doc. 1) is DENIED and this case is DISMISSED.

(Doc. 2 at 1-2.)

### C. Plaintiff's Motion for Reconsideration.

Plaintiff argues that the court erred by failing to discuss "the 'No Bill of Indictment' or the law relative to void the judgment thereof [and] completely ignoring the merits of [P]laintiff's claim." (Doc. 3 at 4) (unnecessary capitalization omitted). He asserts "the void judgment rendered in the trial court can never bind nor bar anyone [and] [a]ll acts performed under it and all claims flowing out of it are void." *Id.* at 5 (internal

quotation marks and emphasis omitted). He asserts the declaration "that this [c]ourt cannot review the decision of another court is lost, as there are no legally valid decisions to review." *Id.* He contends the court "improperly denied and dismissed [his] case without a response from the U.S. Attorney's Office. Plaintiff believes this arbitrary use of power violates his procedural due process rights and furthers the fraud in this matter." *Id.* at 6. In closing, he states: "This case is a simple one, the judgment is either void or its not. . . . [A] judgment void on its face and requiring only an inspection of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification." *Id.* at 7. For these reasons, he maintains the court committed "manifest error of law," must reconsider the August 30 Order, and grant his motion to vacate void judgment. *Id.*

While Plaintiff timely filed his motion to reconsider under Rule 59(e), he has not pointed to a clear error of law or a plausible manifest injustice that would require reopening his case to alter or amend the court's Order dismissing his case. Plaintiff's assertion that his criminal conviction is void due to "no bill of indictment" is belied by the Sixth Circuit Court of Appeals' affirmance of his conviction, *United States v. Smith*, 749 F.3d 465 (6th Cir. Apr. 15, 2014); the United States Supreme Court's denial of his petition for a writ of certiorari, *United States v. Smith*, 574 U.S. 918 (2014); and the District Court for the Eastern District of Kentucky's denial of post-conviction relief, *United States v. Smith*, 2017 WL 2766099 (E.D. Ky. June 26, 2017).

In his initial motion to vacate, set aside, or correct his sentence brought under 28 U.S.C. § 2255, Plaintiff claimed that he was charged pursuant to an improper indictment, specifically arguing "there was not a 'true bill' presented to the grand jury[.]" *Smith*, 2017 WL 2766099, at *8. The court determined there was no merit to that claim because there was "no support for his contention in the record[.]" *Id.*

In a 2021 decision, the Sixth Circuit explained Plaintiff's litigation history:

> In December 2008, a federal grand jury in the Eastern District of Kentucky returned an indictment charging Smith and several others with conspiracy to commit mail fraud, . . . twenty substantive counts of mail fraud, . . . two counts of wire fraud, and one count of being an unregistered

securities broker . . . . All of the charges arose out [of] Smith's execution of a scheme to defraud investors into purchasing shares of his oil-exploration business, causing a loss in excess of $14,000,000.

That case proceeded to a four-week jury trial. The government voluntarily dismissed the securities charge against Smith while the trial was underway. The jury convicted Smith of conspiracy to commit mail fraud and eleven substantive counts of mail fraud, but the district court vacated the jury's verdict on one of those eleven. The jury acquitted Smith of the remaining mail-fraud counts and the two counts of wire fraud. The district court sentenced Smith to an aggregate term of 120 months of imprisonment, and we affirmed his convictions and sentence.

Smith collaterally attacked his convictions on numerous occasions, first by filing an ultimately unsuccessful 28 U.S.C. § 2255 motion to vacate and then by filing numerous unsuccessful applications to file successive motions to vacate. He also filed two 28 U.S.C. § 2241 habeas corpus petitions attacking his convictions. Smith was particularly focused on the indictment. Despite the district court's finding that a redacted copy of the indictment was on the court's electronic docket and the original signed indictment was on file with the court, Smith repeatedly asserted the indictment was defective because it was not signed by a government attorney and because it did not state that it was a "true bill." And in some of his pleadings, Smith even claimed that the grand jury had refused to indict him. Smith completed his term of imprisonment in February 2020[.]

*Smith v. Cadle*, 2021 WL 7210172, at *1 (6th Cir. Nov. 18, 2021) (citations omitted). The court, in affirming the dismissal of Plaintiff's civil rights action against the government actors involved in his underlying criminal case, recognized: "Smith's lawsuit and appeal are both based on the fundamentally implausible premises that the grand jury refused or failed to indict him and concluded that he did not commit *any* crimes. The indictment on file in the district court and the jury's guilty verdicts indisputably demonstrate otherwise." *Id.* at *3.

At the core of this case, Plaintiff seeks to attack his convictions. He argues they are invalid and void. Such a claim must be brought pursuant to § 2255. This is an avenue Plaintiff has attempted without success. Plaintiff has no factual or legal basis to proceed in this district court because "[Fed. R. Civ. P.] 60(b) does not provide an alternative vehicle for a federal prisoner to collaterally challenge his conviction and sentence[.]" *Harris v. United States*, 357 F. Supp. 2d 524, 528 (N.D.N.Y. 2005).

The Second Circuit has instructed courts in this circuit that:

> [A] Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as "a second or successive" habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction "as beyond the scope of Rule 60(b)."

*Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

This court lacks jurisdiction to review and reverse Plaintiff's underlying criminal conviction rendered in another federal district court. It would be futile to transfer the case to the Second Circuit as it is not the appropriate appellate court and Plaintiff is no longer in custody. Nothing in Plaintiff's motion seeking reconsideration under Rule 59(e) demonstrates this outcome was a clear error or that it created manifest injustice. Plaintiff's requested relief is "beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82 (internal quotation marks omitted); *see also id.* at 77 ("[R]elief under Rule 60(b) is available . . . only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

For the reasons stated above, Plaintiff's motion for reconsideration under Fed. R. Civ. P. 59(e) (Doc. 3) is DENIED. This miscellaneous case is CLOSED.

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Plaintiff a certificate of appealability in this matter because Plaintiff has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of January, 2025.

Christina Reiss, Chief Judge
United States District Court